### No. 9111.

### THE STATE *v.* SHERWOOD ET AL.

CRIMINAL LAW.—*Abortion.*—*Indictment.*—*Statute Construed.*—An indictment averring that the defendant unlawfully and wilfully employed and used in and upon the body and womb of a pregnant woman a certain instrument called a catheter, with intent to produce a miscarriage, it not being necessary to cause said miscarriage, to preserve the life of the woman, sufficiently charges an offence, within the meaning of section 36 of the misdemeanor act, 2 R. S. 1876, p. 471.

From the Orange Circuit Court.

*D. P. Baldwin,* Attorney General, and *M. S. Mavity,* Prosecuting Attorney, for the State.

NIBLACK, J.—The grand jury of Orange county, at the October term, 1879, of the Orange Circuit Court, returned into court an indictment charging "that at said county of Orange, in the State of Indiana, on the 29th day of August, 1878, William F. Sherwood, Jr., and Arcus Lindley did then and there unlawfully and wilfully employ and use in and upon the body and womb of one Emma King, who was then and there a pregnant woman, as the said William F. Sherwood, Jr., and Arcus Lindley well knew, a certain instrument called a catheter, with intent then and there and thereby to procure and produce the miscarriage of the said Emma

King, it not being then and there necessary to cause said miscarriage, to preserve the life of the said Emma King.''

Upon the motion of the defendants, the indictment was quashed, and they were discharged.

The State has appealed and assigned error upon the decision of the court quashing the indictment.

The indictment in this case was founded upon section 36 of the misdemeanor act, 2 R. S. 1876, p. 471, and so much of that section as is applicable to the offence intended to be charged reads as follows: ''Every person who shall wilfully administer to any pregnant woman, or to any woman whom he supposes to be pregnant, anything whatever, or shall employ any means with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, * * * shall be punished by imprisonment in the county jail, not exceeding twelve months, and be fined not exceeding five hundred dollars.''

We have no brief from the appellees, and consequently nothing from them indicating any objection to the indictment, or in support of the decision of the court below.

The introductory and concluding portions of the indictment were formally sufficient, and we are unable to see any substantial, or even technical, ground of objection to that portion of it set out as above. Its averments fairly charged an offence within the meaning of the statute. Moore's Crim. Law, sec. 593.

The judgment is reversed, with costs, and the cause remanded for further proceedings.